■ LIBERTY BANK, Formerly Known as LIBERTY BANK FOR SAVINGS, Appellant, v BRIAN S. THOMAS, Respondent. [635 NYS2d 912] —Order and judgment unanimously affirmed without costs. Memorandum: After a bench trial, Supreme Court dismissed the complaint in this action seeking a deficiency judgment based upon the difference between the amount due plaintiff under a vintage automobile loan and security agreement and the amount plaintiff received from the sale of the collateral, a 1972 Ferrari 365 GTB/4, after repossession. The court also awarded defendant judgment on his counterclaim seeking damages pursuant to UCC 9-507 (1).

Initially, we conclude that a fair interpretation of the evidence fails to support the court's determination that defendant was not in default at the time the automobile was repossessed. We further conclude that the record establishes that defendant was in default of the agreement when plaintiff commenced this action to enforce it on December 10, 1990. Reversal is not required, however, because a fair interpretation of the evidence supports the court's determinations that plaintiff failed to give defendant the required notice of the sale of the automobile *(see,* UCC 9-504 [3]) and that plaintiff failed to conduct the sale of the automobile in a commercially reasonable manner *(see,* UCC 9-207, 9-502 [2]; 9-504 [3]; *Bankers Trust Co. v Dowler & Co.,* 47 NY2d 128, 134-135, *rearg denied* 47 NY2d 1012). Therefore, the amended complaint was properly dismissed.

Finally, we conclude that the court properly awarded defen-

dant judgment on his counterclaim *(see,* UCC 9-507 [1]). (Appeal from Order and Judgment of Supreme Court, Monroe County, Affronti, J. —Deficiency Judgment.) Present—Green, J. P., Lawton, Callahan, Doerr and Davis, JJ.